# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

CHRISTINE WIGLEY, )
          Plaintiff, )
)
vs. ) Case No. CIV-17-360-M
)
RECEIVABLE MANAGEMENT )
GROUP, INC. and JAMES ROGER )
SEYMOUR d/b/a RECEIVABLE )
MANAGEMENT GROUP, )
)
          Defendants. )

## ORDER

Before the Court are the Special Appearance of Defendant James Roger Seymour and Motion to Quash Purported Service of Summons and Amended Special Appearance of Defendant James Roger Seymour and Motion to Quash Purported Service of Summons, both filed May 1, 2017. On May 1, 2017, plaintiff filed her responses, and on May 8, 2017, defendant James Roger Seymour ("Seymour") filed his reply. Based upon the parties' submissions, the Court makes its determination.

On March 31, 2017, plaintiff filed the instant action against defendants and summons were issued. The Summons to Seymour was issued to "JAMES ROGER SEYMOUR d/b/a RECEIVABLE MANAGEMENT GROUP c/o CORPORATION SERVICE COMPANY D/B/A CSC-LAWYERS INCO (Registered Agent)". Summons in Civil Action [docket no. 2] at 1. On April 5, 2017, plaintiff filed an Affirmation of Service indicating that true and correct copies of the summons and complaint in this action were duly served upon Seymour, and a copy of a United States Postal Service Certified Mail Return Receipt signed by Chris Saizan was attached to the affirmation. *See* Affirmation of Service [docket no. 4]. Seymour now moves this Court to quash

the purported service of the summons and complaint on him. Specifically, Seymour asserts that the purported proof of service is improper and does not meet the standards for service required by the Federal Rules of Civil Procedure.

Plaintiff contends that Seymour has waived any objection to service by entering an appearance in this case and/or moving for an extension of time to file a responsive pleading.[1] Federal Rule of Civil Procedure 12 provides that objections to service of process "must be raised in a party's first responsive pleading or by motion before the responsive pleading." *United States v. 51 Pieces of Real Prop., Roswell, N.M.*, 17 F.3d 1306, 1314 (10th Cir. 1994). Further, the Tenth Circuit has held that an initial appearance and a motion for extension of time are not responsive pleadings that waive the defense of insufficient service of process. *See id.* Accordingly, the Court finds that Seymour has not waived his insufficient service of process objection.

Federal Rule of Civil Procedure 4(e) provides:

Unless federal law provides otherwise, an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by:

> **(1)** following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> **(2)** doing any of the following:
> **(A)** delivering a copy of the summons and of the complaint to the individual personally;
> **(B)** leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

---

[1] Plaintiff also contends that Seymour waived any Federal Rule of Civil Procedure 12(b)(5) defense (insufficient service of process) by omitting it from his original motion and including it only in his amended motion. While Seymour did not specifically reference Rule 12(b)(5) in his original motion, he clearly raised insufficient service of process as the primary basis for his motion to quash in his original motion. Accordingly, the Court finds that Seymour has not waived insufficient service of process as a defense.

> **(C)** delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Further, the Oklahoma statute regarding service provides, in pertinent part:

> Service shall be made as follows:
> (1) upon an individual other than an infant who is less than fifteen (15) years of age or an incompetent person, by delivering a copy of the summons and of the petition personally or by leaving copies thereof at the person's dwelling house or usual place of abode with some person then residing therein who is fifteen (15) years of age or older or by delivering a copy of the summons and of the petition to an agent authorized by appointment or by law to receive service of process, . . . .

Okla. Stat. tit. 12, § 2004(C)(1)(c)(1).

In the case at bar, it is undisputed that a copy of the summons and the complaint were not delivered personally to Seymour or left at Seymour's dwelling or usual place of abode with someone of suitable age and discretion who resides there. Additionally, it is undisputed that there is no agent authorized by appointment or by law to receive service of process on behalf of Seymour. Further, the Court finds the service agent for defendant Receivable Management Group, Inc. is not authorized to receive service of process on behalf of individual defendant Seymour. Accordingly, the Court finds that Seymour has not been properly served and that the purported service of summons and complaint on Seymour should be quashed.

The Court, therefore, GRANTS Seymour's Motion to Quash Purported Service of Summons and Amended Motion to Quash Purported Service of Summons [docket nos. 9 and 13] and QUASHES the Affirmation of Service [docket no. 4].

**IT IS SO ORDERED this 12th day of May, 2017.**

_____
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

3