IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

CHRISTINE WIGLEY, )
)
      Plaintiff, )
)
vs. ) Case No. CIV-17-360-M
)
RECEIVABLE MANAGEMENT )
GROUP, INC., )
)
      Defendant. )

**ORDER**

Before the Court is defendant's Motion for Summary Judgment, filed April 9, 2018. Plaintiff has filed no response, and pursuant to Local Civil Rule 56.1(e), the Court deems admitted for the purpose of summary judgment the Statement of Undisputed Facts set forth in defendant's Motion for Summary Judgment. Based upon defendant's motion, the Court makes its determination.

I.    Introduction

On October 23 and 24, 2016, plaintiff was provided medical services by physicians with the Oklahoma Radiology Group, P.C. Plaintiff does not dispute that these services were provided. For these services, plaintiff was billed $300.00. MSN Healthcare Solutions ("MSN") has contracted with Oklahoma Radiology Group to provide billing services and practice management services. MSN submitted the claims for services to plaintiff's insurance company, Blue Cross and Blue Shield. Blue Cross and Blue Shield provided an Explanation of Benefits Form to MSN that showed that the insurance company reduced the charges to $88.83. Blue Cross and Blue Shield applied the $88.83 to plaintiff's deductible amount and notified MSN that the $88.83 remained the responsibility of plaintiff to pay.

On November 4, 2016, MSN prepared an invoice to plaintiff billing her for the $88.83 that remained her responsibility. Plaintiff did not make any payments to Oklahoma Radiology Group or to MSN. After no payments were received, MSN referred this account over to defendant for further collection efforts.[1] On December 28, 2016, defendant sent a letter to plaintiff asking for payment of the $88.83. Plaintiff claims that she never received this letter. On March 15, 2017, defendant mailed another letter to plaintiff.

After receiving the March 15, 2017 letter, plaintiff went to the office of Vance Dotson on March 27, 2017, and plaintiff and Mr. Dotson jointly called defendant. The telephone call was recorded by either plaintiff or Mr. Dotson. Initially, plaintiff was the person talking on the phone, but after a few moments, Mr. Dotson started talking to defendant's representative. Plaintiff knew that Mr. Dotson was in the room with her during the call, knew that Mr. Dotson could hear the call from start to finish, and had no objection to Mr. Dotson listening in on the call or stepping in on the call to ask questions.

On March 31, 2017, plaintiff filed the instant action, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"). Specifically, plaintiff alleges that defendant's representative released information to Mr. Dotson without prior consent from her in violation of 15 U.S.C. § 1692c(b) and that defendant attempted to collect a debt that plaintiff did not owe to the underlying creditor, Oklahoma Radiology Group, in violation of 15 U.S.C. § 1692f. Defendant now moves for summary judgment as to all claims asserted in this action.

II.     Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving

---

[1] Defendant has a contract with Oklahoma Radiology Group to provide collection services.

party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III. Discussion

    A. § 1692c(b) claim

The FDCPA provides:

> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

15 U.S.C. § 1692c(b).[2] The FDCPA does not explicitly define the word "consent." Courts typically find that "consent" can be either express or implied. *See Roell v. Withrow*, 538 U.S. 580,

---

[2] It is undisputed that Mr. Dotson was not an attorney.

590 (2003) (finding parties can consent to appear before magistrate judge by implied consent); *United States v. Jones*, 701 F.3d 1300, 1320-21 (10th Cir. 2012) (finding consent to search can be implied). Further, when Congress intended to require "express" consent in the FDCPA, it said so, as it did in the § 1692c(b) exception, when it specifically stated the "express permission" of a court has been given to a communication. There, however, is no parallel language as to a debtor's consent in the portion of the statute applicable in this case. Per the statutory language, the debtor's consent must be given directly to the debt collector, but it may be either express or implied.

Having carefully reviewed defendant's motion for summary judgment, and based upon the undisputed facts in this case, the Court finds that plaintiff gave her implied consent for defendant's representative to speak about her debt to and in the presence of Mr. Dotson. Specifically, plaintiff went to Mr. Dotson's office and participated in a joint call with Mr. Dotson to defendant. At no point did plaintiff ever express the slightest displeasure with Mr. Dotson's presence and participation on the call. Plaintiff knew Mr. Dotson was there, placed the call with Mr. Dotson on the line, and was glad that he was there.

Accordingly, the Court finds that defendant is entitled to summary judgment as to plaintiff § 1692c(b) claim.

### B.   § 1692f claim

The FDCPA provides that a debt collector shall not attempt to collect a debt that is not "expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). Plaintiff claims that defendant was trying to collect a debt that plaintiff did not owe. However, it is undisputed that the radiologists with Oklahoma Radiology Group provided plaintiff services and that after adjustments were made by plaintiff's insurance carrier, a remaining balance of $88.83 was owed. Further, plaintiff admits that neither she nor anyone else made payment for

this debt. Accordingly, the Court finds that defendant is entitled to summary judgment as to plaintiff's § 1692f claim.

IV.  Conclusion

For the reasons set forth above, the Court GRANTS defendant's Motion for Summary Judgment [docket no. 34].

**IT IS SO ORDERED this 16th day of May, 2018.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE